IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD E. BROWN, ) | |
| ) | |
| Plaintiff, ) | No. 11 C 4852 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| CITY OF CHICAGO, and ) | |
| POLICEMEN'S ANNUITY AND ) | |
| BENEFIT FUND OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Donald Brown, a retired Chicago police officer, filed a pro se complaint against defendants City of Chicago ("City") and Policemen's Annuity and Benefit Fund of the City of Chicago ("Fund"). Using the form provided by the clerk's office for employment discrimination complaints, plaintiff checked off boxes stating that he claims discrimination based on: age, in violation of the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; race, in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, and 42 U.S.C. § 1981; and "race, color, or national origin," pursuant to 42 U.S.C. § 1983. Both defendants have filed motions to dismiss the claims against them. For the following reasons, defendants' motions are granted.

Plaintiff, who is African-American, claims that after he retired from the Chicago Police Department ("CPD") in 2002, the Fund Board (not the Fund itself) incorrectly calculated his benefits and has been paying him less than he was owed, while paying benefits to undeserving white retired officers. But the complaint does not allege or even suggest that plaintiff has ever been employed by the Pension Fund. Instead, plaintiff's claim is that the Board that manages the Fund did not properly calculate plaintiff's benefits arising out of his former employment. This is

insufficient to state employment discrimination claims against the Fund under the ADEA, Title VII, or §§ 1981 and 1983, any of which would require that the defendant was the plaintiff's employer.

Nor has plaintiff stated a cognizable claim against the City. Plaintiff does not allege that the City had any involvement in paying (or not paying) his pension benefits; instead, his allegation against the City appears to be that it failed to re-hire him in 2011. Although plaintiff checked the box on the form complaint indicating that "the defendant failed to hire the plaintiff," plaintiff does not mention a failure to hire in the section of the form asking him to describe the "facts supporting" his claim. Attached to its motion to dismiss, however, the City has provided a copy of the charge of discrimination plaintiff filed with the Equal Employment Opportunity Commission ("EEOC"), which states that in March 2011, plaintiff "applied for a position with [the CPD] and was not hired." The court assumes that plaintiff intended to incorporate this allegation into his complaint, which refers to the EEOC charge and indicates that plaintiff attached a copy of it (although he did not).

Plaintiff's EEOC charge also states, however, that his date of birth is May 18, 1939, making him 71 when he allegedly applied for a CPD position on March 8, 2011. The complaint alleges that, in 2000, the City established a mandatory retirement age of 63 for its police officers. Thus, plaintiff's allegations make clear that he could not have been hired by the Police Department in 2011. Even with the liberal construction the court is bound to afford pro se complaints, Haines v. Kerner, 404 U.S. 519, 521 (1972), plaintiff's allegations prevent him from stating a plausible claim for discrimination stemming from his failure to be re-hired.

2

Further, insofar as plaintiff is arguing that the mandatory retirement age itself violates the ADEA, this argument has been foreclosed by Minch v. Chicago, 363 F.3d 615, 630 (7th Cir. 2004). And to the extent that plaintiff is complaining about his being "forced to retire" in 2002, any such claims are now time-barred under the ADEA and Title VII (plaintiff did not file his EEOC charge until 2011, well after the 300-day window), as well as § 1981 (four-year statute of limitations in Illinois), and § 1983 (a two-year statute of limitations in Illinois).

For the reasons discussed above, the courts grants defendants' motions to dismiss the complaint.

**ENTER:** March 2, 2012

_____
**Robert W. Gettleman
United States District Judge**